UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CEK Group LLC<br><br>                    Plaintiff,<br><br>v.<br><br>United States and U.S. Customs and Border Protection,<br><br>                    Defendants. | Court No. 22-000 |

## COMPLAINT

Plaintiff, CEK Group LLC ("CEK"), by and through its attorneys, Craven Trade Law LLC, alleges and states the following claims against the defendants United States and U.S. Customs and Border Protection ("US").

## JURISDICTION

1.    This action is brought pursuant to the section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA") to contest the September 16, 2021 decision of U.S. Customs and Border Protection ("CBP") and its January 28, 2022 Administrative Review determination. *See* 19 U.S.C. §1517(g).

2.    The United States Court of International Trade has exclusive jurisdiction over this action under 28 U.S.C. §1581(c) as this action is commenced

Case 1:22-cv-00082-N/A   Document 2   Filed 03/11/22   Page 2 of 14

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 2

pursuant to 19 U.S.C. § 1517.

## STANDING

3. Plaintiff CEK Group LLC ("CEK") is a corporation organized under the laws of the United States. CEK imported and sold certain wire garment hangers produced in the Thailand subject to CBP's evasion investigation and is an interested party pursuant to 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

4. Following CBP's determination of evasion, Plaintiff is subject to antidumping duties is therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedures Act, as amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

5. CBP's Office of Trade Regulations and Rulings issued its final affirmative determination of evasion on September 16, 2021 and its results of the Administrative Review on January 28, 2022.

6. Plaintiff CEK is commencing this action with the concurrent filing of a summons and complaint, within 30 business days after publication of CBP's administrative review of January 28, 2022 decision, and has adhered to all service and notification requirements as set out by the Rules of the U.S. Court of International

Trade. *See* Rules 3 and 4 of the Rules of the U.S. Court of International Trade. Accordingly, plaintiff **CEK** has commenced this action within the statutorily prescribed time limits specified in 19 U.S.C. § 1517(g)(1).

## THE ADMINISTRATIVE PROCEEDINGS

7. On July 6, 2020, M&B Metal Products Company, Inc. ("M&B") filed four separate allegations that certain entities were evading the Antidumping duty order on steel wire garment hangers from the People's Republic of China that were being transshipped through Thailand. One of the named entities was CEK Group LLC. CEK alleges that the allegation was insufficient to support initiation of an EAPA investigation.

8. CBP acknowledged receipt of CEK's allegations on August 26, 2020.

9. On September 14, 2020, CBP initiated Consolidated Case No. 7501 with regard to multiple importers including CEK.

10. On January 28, 2021 CBP sent a request for information to CEK.

11. On February 25, 2021, CEK submitted a response to the request for information.

12. On February 26, 2021, CBP issued a supplemental RFI to CEK.

13. On April 2, 2021, alleger submitted factual information.

14. On April 9, 2021, CEK submitted rebuttal factual information, which submission was rejected by CBP on April 15, 2021.

15. On April 19, 2021 CEK resubmitted its factual information.

16. On April 22, 2021, CBP rejected CEK's April 19, 2021 submission of factual information.

17. On April 27, 2021 CEK filed rebuttal voluntary factual information.

18. During the submission process, CBP did not allow CEK to submit the video evidence that it wished to submit, refused to accept service of certain video evidence, and limited the size of video files submitted impacting their resolution.

19. On May 10, 2021 CEK submitted written argument and on May 25, 2021 CEK submitted rebuttal to alleger's comments.

20. On September 16, 2021, CBP issued its determination.

21. In its September 16, 2021 determination, CBP did not respond to all of the arguments presented by CEK.

22. Prior to the filing of the request for an administrative review, CEK requested an expansion of the number of pages in order for CEK to address arguments presented by CEK but not addressed by CBP in its determination. Such request was denied.

23. On October 29, 2021 CEK filed a request for an Administrative Review of the Department's determination.

24. On January 28, 2022, CBP issued its decision in response to CEK's

request for an Administrative Review. In this decision, CBP continued to wrongly find that CEK's supplier had evaded the order on wire garment hangers by means of transshipment.

## STANDARD OF REVIEW

25. The standard of review of an initial determination under 19 U.S.C. 1517(c) or an administrative review of such determination under 19 U.S.C. 1517(f) is set forth in 19 U.S.C. 1517(g)(2) as follows:

> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
>
> (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and
> (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## CLAIMS

### COUNT ONE

26. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

27. On information and belief, the information provided to CBP was insufficient to support the initiation of an EAPA investigation. As CBP had insufficient cause to initiate the investigation, the resultant investigation was *ultra vires,*

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 6

Case 1:22-cv-00082-N/A    Document 2    Filed 03/11/22    Page 6 of 14

and the results of such investigation was invalid.

28. During the course of the investigation, CBP confirmed that a portion of the data relied upon by M&B in making its allegation was erroneous.

29. Allegations must be based on evidence of evasion during the period of investigation, and not on purported evasion at some point in the distant past which point does not reflect current operations.

30. The initiation of the investigation and the imposition of interim measures was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT TWO

31. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

32. CEK obtained a significant number of high-resolution videos showing the operations of the factory. CEK attempted to submit such video for the record, but CBP created arbitrary and unstated rules making it impossible for CEK to submit such videos without significant compression.

33. CEK offered to submit such videos using a range of options accepted by CBP in other matters, however, CBP refused to permit CEK to use these alternate methods of submission.

Case 1:22-cv-00082-N/A    Document 2    Filed 03/11/22    Page 7 of 14

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 7

34. As one of the bases for the application of adverse inferences, CBP stated that the videos supplied did not cover the period of production, and that the "poor quality" of the videos did not allow CBP to ascertain production throughout the factory.

35. CBP was aware of the existence of the higher quality videos and the broader range of times covered by all videos and CEK's outstanding and continuing offer to submit such information but refused to request such information when it became aware that its filing limitations had adversely and unfairly affected the quality of such video.

36. CBP cannot refuse to accept complete information proffered in a high-resolution format, and then apply adverse inferences because the data provided was not complete or of sufficient resolution.

37. CBP's refusal to permit the submission of all of the videos proffered by CEK in the high-resolution format proffered by CEK and the subsequent taking of adverse inferences based, in part on the insufficient number of videos provided and the insufficient quality of the videos is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## COUNT THREE

38. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

Case 1:22-cv-00082-N/A   Document 2   Filed 03/11/22   Page 8 of 14

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 8

39.  CBP's administrative determination was 50 single spaced pages and did not address all of the arguments raised by CEK during the investigation. The regulations provided for 30 double spaced pages for a review of the decision. In order to have the ability to adequately respond to this long and length determination, CEK requested an expansion of the page limits by an additional 15 pages.

40.  CBP refused to provide the requested expansion of pages, depriving CEK of the ability to fully respond to CPB.

41.  CPB's refusal to expand the page limits is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## COUNT FOUR

42.  The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

43.  A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

44.  There is no substantial evidence of record for the period of investigation that CEK's supplier trans-shipped Chinese Hangers. The only substantial evidence of record is that CEK's supplier produced the Hangers in its facility in Thailand. To the extent that there was any evidence of trans-shipment, such evidence was from a

Case 1:22-cv-00082-N/A    Document 2    Filed 03/11/22    Page 9 of 14

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 9

transitional period prior to the period of investigation.

45. CBP's determination is accordingly arbitrary and capricious, an abuse of discretion, in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. § 706, or otherwise not in accordance with law.

## COUNT FIVE

46. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

47. In its determinations, CBP considered the nationality of the owners of the facility, mis-characterized the ownership structure, and mis-characterized the relationship between CEK and the owner of the facility.

48. CBP's inclusion of irrelevant information in its determination is arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT SIX

49. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

50. CBP expressly stated that it would not consider certain arguments presented by CEK in the Administrative Review process, and to the extent that it did consider such issues, it did not meaningfully consider or address such issues.

51. The failure to consider certain arguments presented by CEK and the

failure to give proper weight to the evidence submitted by CEK impermissibly tainted the results of the investigation and rendered the underlying determinations invalid. The determination is thus arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT SEVEN

52.     The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

53.     There was no missing relevant information, except to the extent that CBP refused to allow CEK to place certain information on the record, and thus there are no gaps which need to be filled by use of adverse inferences.

54.     Where there are no gaps in the record, there is no basis for CBP to take adverse inferences.

55.     The taking of adverse inferences by CBP is thus arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT EIGHT

56.     The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

57.     CEK's supplier is located in an FTZ and subject to the regulation and

Complaint
CEK Group LLC v. United States
Ct. No. 22-000
March 11, 2022
Page 11

Case 1:22-cv-00082-N/A   Document 2   Filed 03/11/22   Page 11 of 14

scrutiny of such operations. CBP failed to give proper weight to the impact of having ongoing operations in the FTZ.

58. CBP's refusal to give proper weight to the operations of CEK's supplier in an FTZ was arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT NINE

59. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

60. CBP refused to provide access to confidential business information to CEK's counsel, thus depriving CEK of the ability to fully understand the nature of the allegations and limiting CEK's ability to fully participate in the proceeding. CBP further compounded this by failing to provide CEK with a version of the determination in which CEK's own information, which is not confidential to CEK, was not disclosed to CEK.

61. CBP's failure to provide proper access to the information necessary for CEK to fully participate is arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT TEN

62. The allegations of paragraphs 1 through 25 are incorporated by reference

Case 1:22-cv-00082-N/A   Document 2   Filed 03/11/22   Page 12 of 14

Complaint
*CEK Group LLC v. United States*
Ct. No. 22-000
March 11, 2022
Page 12

and restated as if fully set forth herein.

63. The position of the United States and U.S. Customs and Border Protection was not substantially justified at the Administrative Level and there are no special circumstances which would make an award of fees unjust.

64. 5 U.S. Code § 504 provides for the awarding of fees in connection with Administrative Proceedings.

65. CEK should have prevailed in a proper administrative proceeding and otherwise qualifies for an award of fees.

66. This Court, upon finding that CBP's determination is in error, should order fees in connection with the underlying administrative action.

## COUNT ELEVEN

67. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

68. Pursuant to 19 U.S.C. § 1517(c)(3)(A), CBP may only apply adverse facts available when it finds that a person or party has "failed to cooperate by not acting to the best of the party or person's ability to comply with a request for information." CBP found adverse inferences were warranted due to purported discrepancies, but in many circumstances never requested the information that CBP claimed was missing. CBP may not apply adverse inferences pursuant to 19 U.S.C. § 1517(c) where CBP failed to

request information.

69. The adverse inferences provision, as applied by CBP, also deprived CEK notice as to how responses were deficient and did not provide an opportunity to redress the allegedly missing or deficient information before the final determination was reached, violating the party's right to a meaningful and fair proceeding.

70. The application of adverse inferences was not conducted in compliance with the procedures prescribed pursuant to 19 U.S.C § 1517(c) and (f) or are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

## COUNT TWELVE

71. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

72. CBP made numerous factual errors in its determination and either mis-read, ignored, or mis-interpreted multiple facts of record.

73. CBP's determination, in part, was based on incorrect or inaccurate information.

74. A determination based on incorrect or inaccurate information is arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one through twelve of plaintiff's complaint;

2. Remanding this matter to U.S. Customs and Border Protection with instructions that CBP terminate this investigation and order the liquidation of entries without the addition of Antidumping Duties;

3. Awarding attorney's fees and costs as appropriate;

4. Providing such other relief as the court may deem just and appropriate.

        Respectfully submitted,

        David J. Craven
        Craven Trade Law LLC
        3744 N Ashland Avenue
        Chicago, IL 60613

        (773) 709-8506
        Counsel for CEK Group LLC

        By:   /s/David J. Craven
             David J. Craven

Dated: March 11, 2022